UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNNE F.-S.,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | Case No. 3:23-cv-06177-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS FOR ADDITIONAL PROCEEDINGS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 5. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 8, Complaint.

Plaintiff was previously found to be disabled from May 23, 2014 through October 31, 2015. AR 115-30.

In August 2017 plaintiff filed an application for DIB alleging a disability onset date of March 26, 2016. AR 15. The application was denied initially and upon reconsideration, and on Marsh 28, 2019 a hearing was held before ALJ Rebecca Jones. AR 61-109. On May 24, 2019, ALJ Jones issued a decision finding plaintiff not to be disabled. AR 13-34. The Appeals Council declined the request for review and plaintiff

filed an appeal to this Court. AR 1-6.

On November 2, 2019 the Honorable Mary Alice Theiler reversed the ALJ's decision and remanded the claim for a new hearing. AR 838-53. On June 1, 2023 a second hearing was held before ALJ Allen Erickson. AR 758-805. On August 28, 2023 ALJ Erickson issued a decision finding plaintiff not to be disabled. AR 730-57. The Appeals Council declined the request for review and plaintiff filed this appeal.

The ALJ determined plaintiff's date last insured to be December 31, 2019. AR 736. The ALJ found plaintiff to have the following severe impairments: "cervical spine degenerative disc disease and degenerative joint disease, fibromyalgia, status-post bilateral knee surgeries, and obesity." AR 736. As a result, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions: "she is able to occasionally climb ladders, ropes, or scaffolds and occasional to crawl; able to occasionally reach overhead bilaterally, and able to tolerate occasional exposure to vibration and to extreme cold temperatures." AR 742.

## DISCUSSION

The parties agree that the ALJ committed harmful error. Dkt. 23. The issue before the Court is limited to whether the proper remedy would be a remand for award of benefits, or a remand for further proceedings.

1. **<u>Whether the Court should reverse with a direction to award benefits.</u>**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If

2

an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045.

"Except in rare circumstances," the district court should "remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc., Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). The Ninth Circuit emphasized in *Leon* that even when each element or the review concerning the appropriate remedy on remand is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. *Leon*, 80 F.3d at 1045; *see also Burrell v. Colvin,* 775 F.3d 1133, 1141-1142 (9th Cir. 2014) (even assuming all three elements of the criteria for deciding the remedy were satisfied, the Ninth Circuit Court of Appeals found the record as a

whole created serious doubt about whether the plaintiff was disabled; remand for award of benefits was therefore unwarranted).

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating the medical opinion evidence and plaintiff's subjective testimony. Dkt. 24. Additionally, plaintiff argues that the ALJ improperly miscalculated plaintiff's date last insured and erred by failing to adjudicate the entire relevant time period. *Id*. at 2-4.

**A. Whether the ALJ properly calculated the date last insured**

The parties disagree as to whether the record is fully developed; defendant argues that it is unclear whether the ALJ failed to adjudicate the time period between January 1, 2020 and December 31, 2020 and further administrative proceedings could serve a useful purpose in clarifying this issue, and plaintiff argues that the ALJ's erroneous calculation of the date last insured does not require remand for a new hearing because the calculation is fairly simple and indisputable. Dkt. 23 at 4-5; Dkt. 24 at 2-4.

Defendant points to the fact that the record contains conflicting references to the date last insured, citing a certified earning record dated July 25, 2022 that lists "DIS DLI: 12/19" (AR 29) and a Disability Determination Explanation dated December 5, 2017 that lists "DLI 12/31/2020" (AR 143). Dkt. 23 at 4. Defendant also points to multiple instances in the decision where the ALJ discussed records between January 1, 2020 and December 31, 2020. *Id*.

Plaintiff replies that the document dated July 25, 2022 failed to adjust the date last insured to account for the 'disability freeze' plaintiff was entitled to for the period she

was previously found to be disabled, from May 23, 2014 to October 31, 2015. Dkt. 24 at 3.

"A period of disability begins on the day that a disability begins, if the individual is fully insured at that time." *Flaten v. Secretary of Health & Human Servs.*, 44 F.3d 1453, 1459 (9th Cir. 1995). Disability insured status requires that an individual "be fully insured in that quarter and have at least twenty quarters of coverage in the last forty-quarter period ending with that quarter." *Id*. at 1459 (citing 20 C.F.R. § 404.130(b)). "Establishment of a period of disability [] allows an individual to exclude that time from the number of years for which quarters of coverage are required . . . making it easier for an individual to satisfy the insured status requirement for a second period of disability at a later time" *Id*. at 1460. The application must be filed either during the period of disability or within 12 months after the period of disability ends. *Id*.

Here the ALJ stated during the hearing that the date last insured was recalculated to be December 31, 2019, and had been previously misidentified as December 31, 2020. AR 765. Counsel for plaintiff later raised the point that the 2019 calculation failed to take into account the disability freeze that plaintiff was entitled to; the ALJ stated that he would make sure that it was calculated correctly post hearing. AR 779-83.

There is no dispute that plaintiff was previously found to be disabled from May 23, 2014-October 31, 2015. AR 115-30. However, plaintiff filed her second application on August 25, 2017, over 12 months after the previous period of disability ended. AR 232. Thus, it does not appear that plaintiff was eligible for a disability freeze, and this was properly reflected in the date last insured calculated by the ALJ. Additional

administrative proceedings would not serve a useful purpose on this issue. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

### B. Law of the Case and Res Judicata

The Commissioner argues that plaintiff's arguments regarding Mark Hawley, Ph.D., the prior administrative medical findings of Kent Reade, Ph.D., Charles Wolfe, Ph.D., and Howard Platter, M.D., and the medical evidence are barred by the law of the case and res judicata because Magistrate Judge Theiler rejected plaintiff's challenge to these same issues in a previous decision. Dkt. 23 at 5.

Plaintiff states this argument is unfounded, because the ALJ did not reject the evidence for this reason, the arguments that were rejected by a previous ALJ as part of a different appeal with a different record do not preclude raising the arguments in this case, and res judicata does not apply when the facts are different and the prior appeal involved disability prior to March 26, 2016, whereas this case involved the period of disability for the period prior to March 2, 2016. Dkt. 24 at 4.

"[T]he law of the case doctrine...appl[ies] in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). It "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id*. (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The law of the case doctrine "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

The Court found in its 2021 decision that ALJ Jones' erred in evaluating plaintiff's testimony regarding debilitating pain from her cervical spine, knee, and carpal tunnel

impairments (AR 839-53) and remanded for further administrative proceedings (AR 853).

Here the ALJ considered new testimony (AR 758-805), additional earnings records (AR 935-936), and new medical evidence (AR 1005-1278) in evaluating the medical opinions of Dr. Hawley (See AR 739) and the prior administrative findings of Drs. Reade, Wolfe, and Platter (AR 741, 449). Thus, the law of the case does not apply in this case. *See Stacy*, 825 F.3d at 567.

For the same reasons, res judicata also does not bar consideration of plaintiff's arguments regarding Drs. Hawley, Reade, Wolfe, and Platter.

**C. Whether the ALJ provided legally sufficient reasons for rejecting the medical evidence**

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

7

robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

      i.   Dr. Mark Hawley, Ph.D.

The ALJ found Dr. Hawley's opinion unpersuasive for several reasons, discussed below. AR 749.

Plaintiff challenges the ALJ's evaluation of Dr. Hawley's opinion. Dkt. 17 at 3-4. On November 16, 2017 Dr. Hawley completed a mental examination of plaintiff including a review of records, mental status examination, diagnosis, and functional assessment. AR 474-77. He noted some evidence of factitious behavior because plaintiff appeared to wipe away tears when no other signs of distress were observed. AR 475. He also noted that plaintiff was able to recall three of three items immediately, zero of three items after a five-minute delay. AR 476. She was able to name Trump as the current president and Obama as the president before him but could not name any president before President Obama. *Id*.

Digit span was four forward and three backward. *Id*. She was not able to name the current governor and only named Oregon as a bordering state. *Id*. She could not do serial sevens but could do serial threes. *Id*. Dr. Hawley noted her insight and judgment were impaired because she reported she would panic if she smelled smoke in a crowded theater. *Id*. He diagnosed her with Major Depressive Disorder and opined that

1  her psychiatric symptoms may not contribute significantly to her functional impairment.
2  *Id*. He opined that she was mildly impaired in her ability to reason and social interaction
3  and was moderately impaired in her understanding and memory, sustained
4  concentration and persistence, and general adaptation. AR 477.
5      In evaluating whether plaintiff's major depressive disorder and anxiety were
6  severe impairments, the ALJ found this assessment to be unpersuasive on the basis
7  that it was inconsistent with the record as a whole -- specifically, the lack of specialized
8  mental health treatment, reports of significant improvement on psych medications,
9  plaintiff's rejection of counseling, and her denial of mental health symptoms. AR 739.
10     The ALJ's decision also found Dr. Hawley's opinion to be partially persuasive
11 with regard to the conclusion that plaintiff's mental health impairments were not severe
12 but discounted it as internally inconsistent because Dr. Hawley assessed moderate
13 impairments despite saying that he agreed with court records that plaintiff's
14 psychological symptoms may not contribute significantly to her functional impairment.
15 AR 741.
16     With respect to the identified inconsistencies with the treatment record, this was
17 a valid reason for discounting Dr. Hawley's opinion. the Ninth Circuit has "particularly
18 criticized the use of a lack of treatment to reject mental complaints because mental
19 illness is notoriously underreported and because 'it is a questionable practice to
20 chastise one with a mental impairment for the exercise of poor judgment in seeking
21 rehabilitation.'" *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300
22 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). If an
23 individual fails to seek treatment or follow prescribed treatment that might improve

symptoms, an ALJ may find that the alleged intensity of an individual's symptoms inconsistent with the record. Social Security Ruling ("SSR") 16-3p. However, an ALJ "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."

Here plaintiff argues that the ALJ failed to consider plaintiff's report that in the past she had been in counseling but did not find it helpful and was not interested in any more counseling. Dkt. 17 at 4 (citing AR 1125). But, the ALJ cited the record from the previous hearing where the previous ALJ asked plaintiff if she thought she would benefit from counseling and she responded that she did not think she would because "counseling is not going to take my pain away," explaining that she was depressed because she experienced so much pain. AR 739 (citing Ex B-15E/29).[2] Therefore, the record shows that the ALJ considered reasons why plaintiff has not pursued counseling, and plaintiff's failure to continue in counseling was a proper reason to discount Dr. Hawley's opinion.

Furthermore, "[d]etermining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [medical providers] falls within this responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion).

Here the ALJ reasonably discounted Dr. Hawley's opinion on the basis that he opined moderate limitations, despite stating that he agreed with court records that

---

[2] B-15E/29 appears in the record at AR 965.

plaintiff's psychiatric symptoms did not contribute significantly to her functional impairments. AR 741.

As the ALJ provided legally valid reasons supported by substantial evidence for discounting the opinions of Dr. Hawley, the Court will not address any other reasons provided as any error would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (ALJ's inclusion of erroneous reasons, while also having legally valid reasons, is harmless).

    ii.  Prior Administrative Findings

Plaintiff challenges the ALJ's assessment of Dr. Wolfe and Dr. Platter. Dkt. 17 at 11. On December 2, 2017 Dr. Wolfe completed a physical residual functional capacity assessment. AR 148-150. He opined that plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds, was limited to standing/walking for six hours in an eight-hour day and could also sit for six hours in an eight-hour day, could occasionally climb ladders/ropes/scaffolds, kneel, crouch, and crawl, and was limited in handling with her right hand. *Id*.

On April 2, 2018 Dr. Platter completed a physical residual functional capacity assessment. AR 162-65. He opined that plaintiff could occasionally and frequently lift 10 pounds, was limited to standing/walking for six hours in an eight-hour day and could also sit for six hours in an eight-hour day, could occasionally climb ramps/stairs but could never climb ladders/ropes/scaffolds, kneel, crouch, and crawl, could occasionally stoop, kneel, crouch, and crawl and was limited in reaching in any direction and handling with her right hand. AR 162-64. He opined that she should avoid concentrated exposure to extreme cold, vibration, and hazards. AR 164.

The ALJ found Dr. Wolfe's opinion to be generally persuasive because it was consistent with the record but found the opinion regarding manipulative limitations to be unpersuasive because it was based on a study that was conducted before plaintiff had surgery after which plaintiff did not have further hand complaints. AR 749. The ALJ found Dr. Platter's opinion to be unpersuasive because it was inconsistent with clinical findings. *Id.*

Plaintiff challenges the ALJ's assessment of these opinions on the basis that Dr. Wolfe did not review any evidence beyond 2017, more recent evidence showed that plaintiff's impairments worsened over time, and the record shows plaintiff continued to be limited in her ability to use her hands for handling and fingering. Dkt. 17 at 11.

Here the ALJ pointed to evidence in the record showing normal gait, full range of motion, and 5/5 normal strength, including evidence beyond 2017. AR 749 (citing 510, 554, 1144, 1134, 1129, 422, 426, 432, 438, 443, 539, 544, 545, 554, 488, 489, 515, 541, 545, 549, 550, 1101). Plaintiff's arguments do not undermine the ALJ's assessment of these opinions. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

Plaintiff also challenges the ALJ's assessments of Dr. Brown's and Dr. Reade's opinions. Dkt. 17 at 11. Both Dr. Brown and Dr. Reade assessed no mental health limitations. AR 145-47, 160-62. The ALJ found that these findings were persuasive as they were consistent with the record as a whole, particularly the lack of specialized treatment and plaintiff's largely unremarkable performance on mental status

examinations. AR 741. Plaintiff argues that the ALJ's conclusion that plaintiff has no mental health impairments is contrary to the evidence, neither non-examiner reviewed any evidence beyond April 2, 2018, and these opinions were inconsistent with Dr. Hawley's opinion. Dkt. 17 at 11.

The Court has already concluded that the ALJ properly discounted Dr. Hawley's opinion and the ALJ provided valid reasons for crediting the opinions of Drs. Brown and Reade; the ALJ's conclusion therefore is upheld. *See Thomas*, 278 F.3d at 954 (citing *Morgan*, 169 F.3d at 599). Plaintiff has failed to show the ALJ erred in evaluating the prior administrative findings of Drs. Wolfe, platter, Brown, and Reade.

**D. Plaintiff's Testimony**

The Court agrees with the parties that the ALJ's decision discounting plaintiff's statements about symptoms and limitations was harmful error. Dkt. 23 at 11-15. The plaintiff's statements should be evaluated by the Commissioner in a remand hearing because there is ambiguity in the record.

When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-20 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine whether, "if the

1  improperly discredited evidence were credited as true, the ALJ would be required to find
2  the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the
3  Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it
4  is within the court's discretion either to make a direct award of benefits or to remand for
5  further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

6      The first step is met, because the ALJ erred when deciding to discount plaintiff's
7  statements about symptoms and limitations. Yet there is ambiguity in the record
8  concerning plaintiff's symptoms and limitations, and whether they meet the criteria for a
9  finding of disability. When, as in this case, outstanding issues remain, the Court "cannot
10 deem the erroneously disregarded testimony to be true; rather, the court must remand
11 for further proceedings." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

12 **Whether a different ALJ should be assigned on remand**

13     In the conclusion, plaintiff briefly states that if the case is remanded for additional
14 proceedings, a new hearing should be held before a new ALJ. Dkt. 17 at 19. However,
15 plaintiff provides no reasoning as to why a new ALJ should be appointed. This court will
16 not address issues that a party does not argue with specificity in its briefing. *Carmickle*
17 *v. Commissioner of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir.
18 2008); see *Paladin Associates., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164 (9th
19 Cir. 2003) (by failing to make argument in opening brief, objection to grant of summary
20 judgment was waived); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (matters not
21 specifically and distinctly argued in opening brief ordinarily will not be considered).

22     CONCLUSION

23     The Court concludes the ALJ improperly determined plaintiff to be not disabled.
24 Therefore, the ALJ's decision is reversed and remanded for further administrative
25

proceedings and a new decision. On remand, the Appeals Council will instruct the Administrative Law Judge to reconsider plaintiff's subjective symptom allegations, offer the opportunity for a new hearing, take any further action needed to complete the administrative record, and issue a new decision.

Dated this 15th day of January 2025

Theresa L. Fricke
United States Magistrate Judge